IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Ronald Peyton and Reed Shipman, | Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| Convergent Outsourcing, Inc., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiffs, Ronald Peyton and Reed Shipman, by undersigned counsel, state as follows:

## **JURISDICTION**

1. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and North Carolina Fair Debt Collection Practices Act, by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiffs, Ronald Peyton and Reed Shipman ("Ronald" and "Reed" and collectively referred to as "Plaintiffs"), are adult individuals residing in Maggie Valley, North Carolina, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Convergent Outsourcing, Inc. ("Convergent"), is a Texas business entity with an address of 800 SW 39th Street, Renton, Washington 98055, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. Reed (the "Debtor") allegedly incurred a financial obligation (the "Debt") to Dish Network (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Convergent for collection, or Convergent was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Convergent Engages in Harassment and Abusive Tactics

10. Within the last year, Convergent contacted Reed in an attempt to collect the Debt by sending a collection letter in the mail on or around April 4, 2014.

11. On April 29, 2014 Reed in writing disputed the validity of the Debt and requested validation.

12. Convergent received Reed's dispute letter and thereafter continued collection activities without first providing Reed with the Debt validation as requested.

13. During conversations, Convergent failed to inform Reed that the call was an attempt to collect the Debt and all information obtained would be used for that purpose.

2

14. Moreover, Convergent contacted Reed's brother Ronald in an attempt to collect the Debt from Reed.

15. Ronald did not co-sign for the Debt and is not responsible for its repayment.

16. Convergent disclosed the nature of the call to Ronald, causing embarrassment and frustration to Reed.

17. Ronald informed Convergent that he was not the Debtor and that the Debtor was unreachable at his number and directed Convergent cease calling him.

18. Nonetheless, Convergent continued calling Ronald in an attempt to collect the Debt.

### C. Plaintiffs Suffered Actual Damages

19. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted a third party (Ronald) for purposes other than to confirm or correct location information of Reed.

3

23. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed a third party (Ronald) of the nature of the Reed's debt and stated that the Plaintiff owed a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted a third party (Ronald) in regards to the Reed's debt on numerous occasions, without being asked to do so.

25. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff (Ronald) in telephone conversations, with the intent to annoy and harass.

27. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform Reed that the communication was an attempt to collect a debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

29. The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant continued collection efforts even though the Debt had not been verified.

30. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen.Stat. § 58-70, et seq.

32. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Each Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

34. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

35. The Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the Plaintiff under the circumstances or at times known to be times other than normal waking hours of the Plaintiff, in violation of N.C. Gen.Stat. § 58-70-100(3).

36. The Defendant communicated with persons other than the Plaintiff, or the Plaintiff's attorney, in violation of N.C. Gen.Stat. § 58-70-105(1).

37. The Defendant falsely represented the creditor's rights or intentions, in violation of N.C. Gen.Stat. § 58-70-110(4).

## COUNT III

## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

38. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

40. The Plaintiffs suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

41. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiffs are entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Statutory damages of $4,000.00 per violation pursuant to N.C. Gen.Stat. § 58-70-130(b);

5. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 11, 2014

                                              Respectfully submitted,

                                              By:    /s/ Ruth M. Allen

                                              Ruth M. Allen, Esq.
                                              Bar Number: 34739

7413 Six Forks Road, Suite 326
Raleigh NC  27615
Email: rallen@lemberglaw.com
Telephone: (855) 301-2100 Ext. 5536
Facsimile:  (888) 953-6237
Attorney for Plaintiffs

Of Counsel To:

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424