# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14cv148

| | |
|---|---|
| RONALD PEYTON and REED SHIPMAN, ) ) ) Plaintiffs, ) ) v. ) ) CONVERGENT OUTSOURCING, INC, ) ) Defendant. ) | ORDER |

Pending before the Court is the Consent Motion to Set Aside Default [# 13]. Plaintiffs brought this action against Defendant on June 11, 2014. Subsequently, Plaintiffs filed a motion on behalf of Defendant requesting an extension of time to answer or otherwise respond to the Complaint. The Court granted the motion and gave Defendant until July 30, 2014, to file its answer. (Order, Jul. 21, 2014.) Defendant, however, failed to appear in the case and failed to file its answer. Moreover, Plaintiffs failed to take any actions to prosecute this case. Accordingly, on September 26, 2014, the District Court directed Plaintiffs to take the appropriate action against Defendant or face the dismissal of the case. (Order, Sept. 26, 2014, at p. 2.)

In response to the District Court's Order, Plaintiffs filed a motion for

extension of time for Defendant to answer. According to the motion, Plaintiffs state that they came to an agreement with counsel for Defendant on September 26, 2014, to extend the time to answer the Complaint until October 26, 2014. The Court, however, found Plaintiffs' motion to be without merit as it failed to set forth excusable neglect for Defendant's failure to comply with the Court's July 30, 2014, Order and file a responsive pleading by July 30, 2014. As such, the Court denied the motion and directed the Clerk to enter default against Defendant Convergent Outsourcing, Inc. pursuant to Rule 55(a). (Order, Oct. 8, 2014.) Two days after the Court entered default against Defendant, counsel for Defendant filed a Notice of Appearance and Defendant moved to set aside default pursuant to Rule 55.

The Court may set aside the entry of default for good cause shown. Fed. R. Civ. P. 55(c). As the United States Court of Appeals for the Fourth Circuit explained in <u>Payne v. Brake</u>, 439 F.3d 198, 204-05 (4th Cir. 2006):

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

There is strong preference in this Circuit that courts avoid defaults and dispose of claims and defenses on their merits. <u>Collection Preparatory Acad., Inc. v. Hoover</u>

Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). After considering the Payne factors and recognizing the preference for deciding cases on the merits, the Court finds that Defendant has demonstrated good cause for setting aside default in this case. The Court, however, finds that a lesser sanction is necessary as a result of Defendant's failure to comply with this Court's prior Order and failure to take any action in this case for several months despite knowledge of the Complaint. Accordingly, the Court **DIRECTS** Defendant to pay $1000.00 into the registry of the Court within ten (10) days of the entry of this Order. The Court **GRANTS** the motion [# 13] and **SETS ASIDE THE ENTRY OF DEFAULT**. Defendant shall have fourteen (14) days from the entry of this Order to file its Answer to the Complaint. The failure to comply with this Order will result in the imposition of additional sanctions against Defendant.

Signed: October 17, 2014

Dennis L. Howell
United States Magistrate Judge